ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| BLANCA GUTIÉRREZ DÍAZ T/C/P BLANCA GUTIÉRREZ LAJARA; HÉCTOR LAJARA ÁLVAREZ; Y LA SOCIEDAD DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelantes<br><br>v.<br><br>CENTRO 4 MEDICAL CENTER, INC.; CENTRO 4 MEDICAL PLAZA; CENTRO 4 MEDICAL PLAZAS CORPORACIÓN Z; COMPAÑÍA ASEGURADORA X; COMPAÑÍA ASEGURADORA Y; FULANO DE TAL Y ZUTANO MÁS CUAL<br><br>Apelados | KLAN202500453 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2020CV02499<br><br>Sobre: Caída |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparecieron la Sra. Blanca Gutiérrez Díaz T/C/P Blanca Gutiérrez De Lajara (en adelante, "señora Gutiérrez"), el Sr. Héctor Lajara Álvarez (en adelante, "señor Lajara") y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, "matrimonio Lajara-Gutiérrez" o "apelantes"), mediante recurso de *Apelación* presentado el 21 de mayo de 2025. Nos solicitan que revoquemos la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala Superior de Carolina, el 9 de abril de 2025, notificada el 11 de abril de 2025.[2] En dicho dictamen, el foro de instancia declaró No Ha Lugar la *Demanda* sobre daños y perjuicios

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.
[2] Apéndice, anejo x, págs. 101-106.

Número Identificador
SEN2026_____

que presentó el matrimonio Lajara-Gutiérrez contra Centro 4 Medical Plaza y Centro 4 Plaza y otros demandados desconocidos.

Por los fundamentos que esbozamos a continuación, confirmamos la *Sentencia* apelada.

**-I-**

Los hechos que originan el pleito de epígrafe se remontan al 27 de noviembre de 2019, cuando la señora Gutiérrez sufrió una caída al bajar unas escaleras en el centro comercial Centro 4 Plaza en Trujillo Alto.[3] Según expuso en la *Demanda*, esta acudió a la Farmacia San Justo, situada en dicho centro comercial, cerca de las 11:30 de la mañana, para comprar unos medicamentos. Cuando salió de la farmacia, cruzó el pasillo comunal y bajó por unas escaleras que conducía al estacionamiento. Relató que al bajar al segundo escalón perdió el equilibrio y cuando trató de caminar hacia al frente no pudo evitar caerse en el pavimento del estacionamiento. Sostuvo que sufrió severas lesiones, fracturas y contusiones en su cuerpo.[4]

Por estos hechos, el 26 de noviembre de 2020, el matrimonio Lajara-Gutiérrez presentó un reclamo por daños y perjuicios, contra el referido centro comercial. Como parte de sus argumentaciones, esbozó que la causa única, exclusiva, directa y próxima del accidente que sufrió se debió a la negligencia del Centro 4 Plaza, al construir una escalera con escalones desnivelados, que carecen de la altura y ancho mínimo que exigen los códigos de construcción para las escaleras comerciales.[5] Añadió que dichos peldaños no eran uniformes y tampoco tenían antideslizantes, barandas o pasamanos. Aseguró que estas faltas u omisiones crearon una

---

[3] Apéndice, anejo I, pág. 3.
[4] *Id.*
[5] *Id.*, párrafo 4.1.

condición peligrosa que le afectó su balance al bajar las escaleras, además de la superficie irregular del estacionamiento.[6]

Por causa de este incidente, los apelantes reclamaron el pago de una suma global que estimaron en $425,000.00, por los daños físicos, angustias mentales y daños morales, entre otras partidas. Además, solicitaron la imposición de honorarios de abogado.[7]

El 4 de marzo de 2021, los apelantes presentaron una *Moción para Presentar Demanda Enmendada y Aviso de Desistimiento Voluntario en cuanto a los Codemandados Centro 4 Medical Center, Inc. y Centro 4 Medical Plaza.*[8] Solicitaron el desistimiento voluntario de la acción contra Centro 4 Medical Center y Centro 4 Medical Plaza. A su vez, incluyeron como parte demandada al dueño registral del centro comercial donde ocurrieron los hechos: Centro-4 Building Administration, Inc., (en adelante, "Centro-4 Building" o "apelado").

Al día siguiente, el tribunal primario emitió una *Sentencia Parcial*, en la que acogió la solicitud de desistimiento en cuanto a las partes Centro 4 Medical Center y Centro 4 Medical Plaza.[9]

Posteriormente, Centro-4 Building compareció mediante una *Contestación a Demanda Enmendada*, en la que negó la mayoría de las alegaciones en su contra.[10] Como parte de sus defensas afirmativas expuso que la responsabilidad por el incidente alegado es atribuible a la negligencia de la señora Gutiérrez.

Poco más de un año después, los apelantes solicitaron permiso al tribunal apelado para enmendar la *Demanda* por segunda ocasión.[11] En la parte pertinente de la moción, los apelantes expresaron lo siguiente:

> [...] después de observar con detenimiento el video enviado de la ocurrencia del accidente, surge de manera clara e inequívoca que la parte codemandante, doña Blanca

---

[6] *Id.*
[7] *Id.*, págs. 4-6.
[8] Apéndice, anejo II.
[9] Apéndice, anejo III.
[10] Apéndice, anejo IV.
[11] Apéndice, anejo V.

> Gutiérrez Díaz, traspasa y baja de los escalones y poco más adelante, encuentra un hueco en el asfalto, donde las chancletas que llevaba se enredan y provocan la aparatosa caída.
>
> Que la causa única, exclusiva, directa y próxima del accidente que ocurre fue el desnivel del pavimento y, además, un hueco en el asfalto del estacionamiento del Centro Comercial de la parte demandada.[12]

El apelado se opuso a la solicitud.[13] Argumentó que la enmienda solicitada trata sobre unos hechos distintos a los alegados en la demanda original, así como a la *Demanda Enmendada.* Adujo que se trata de dos causas de acción diferentes y por tal razón la enmienda no puede ser retrotraída a la fecha de radicación de la demanda original. Añadió, además, que en todo caso la acción estaría prescrita.

El 3 de junio de 2022, el foro de instancia emitió una *Resolución* denegando la petición de enmienda.[14] Expuso que lo solicitado por los apelados expone una nueva reclamación basada en hechos distintos e independientes a la demanda original y su primera enmienda.

Así las cosas y después de culminado el descubrimiento de prueba, Centro-4 Building presentó una *Moción Solicitando Sentencia Sumaria* en la que expuso que no existe controversia alguna en cuanto a que la señora Gutiérrez se cayó de sus propios pies, por lo que procede que se dicte sentencia sumaria a su favor.[15]

Por su parte, los apelantes presentaron su *Moción en Oposición a Sentencia Sumaria.*[16] Argumentaron que no procedía se dictara sentencia sumaria en el caso, pues existían hechos en controversia que ameritaban que se dilucidaran en una vista en sus méritos. Reiteraron que la caída se debió a los defectos que tenían las escaleras del centro comercial, que causaron que la señora

---

[12] Apéndice, anejo IV, pág. 19.
[13] Apéndice, anejo VI.
[14] Apéndice, anejo VII.
[15] Apéndice, anejo VIII.
[16] Apéndice, anejo IX.

Gutiérrez perdiera el balance y se cayera al pavimento. Esto, luego de tropezar con un hueco que tenía el estacionamiento.

Después de evaluar las posiciones de las partes, el tribunal primario decretó *Sentencia* en la cual consignó las siguientes determinaciones de hechos:

1. El 27 de noviembre de 2019 la demandante tuvo una caída en el asfalto del centro comercial Centro 4 Plaza.
2. Doña Blanca salió de la farmacia, bajó los dos escalones hacia el estacionamiento con un poco de falta de balance, se compuso, da 5 pasos firmes y en el sexto paso su pie derecho se tropieza, da 5 pasos más tratando de recuperar estabilidad, pero termina cayendo al piso.
3. Al momento del accidente, la demandante usaba chancletas de goma.
4. El centro comercial conocido por Centro 4 Plaza, localizado en la carretera núm. 848, expreso de Trujillo Alto, Puerto Rico, es propiedad del codemandado Centro 4 Building Administration Inc.
5. La demanda y la demanda enmendada textualmente dicen que la "… causa única, exclusiva, directa y próxima del accidente en cuestión lo fue la negligencia de la parte demandada al construir una escalera con escalones desnivelados que carecen de las alturas y anchos mínimos que exigen los códigos de construcción de escaleras comerciales…". En otro párrafo añaden "[a]sí mismo, la superficie del estacionamiento del centro comercial de los demandados es totalmente desnivelada".
6. En su deposición bajo juramento la demandante dijo lo siguiente:

   **Blanca:** Salgo de la farmacia, abro la puerta. Inmediatamente frente a la puerta están los escalones, unos escalones para salir.
   **Abogado:** Unjú.
   **Blanca:** Y, este al llegar al segundo…
   **Abogado:** ¿Cuántos escalones son, si recuerda?
   **Blanca:** Son dos.
   **Abogado:** Dos escalones. ¿Tienen baranda o no?
   **Blanca:** No, no tienen baranda.
   **Abogado:** Okey. Continúe, por favor.
   **Blanca:** Este, y ya poniendo el pie en el segundo, me desbalanceo y al acudir a la otra parte que es la brea, pues eso me… traté de no caerme y me fui, el cuerpo me impulsando hasta que me caí. Seguí caminando un poco hasta que me caí.
   **Abogado:** ¿Le pregunto una cosa, o sea, usted que cuando pone el pie en el segundo escalón, recuerda si fue el derecho o izquierdo?
   **Blanca:** No, no, no recuerdo
   **Abogado:** No. Entonces me dice que cuando pone, "cuando […] pongo el pie en el segundo escalón", ¿se desbalancea […]? ¿Cómo fue que me dijo?
   **Blanca:** De desbalance y al tirar el, el otro pie, que cae en la brea, pues ahí luché para no caerme y dí unos traspíes al frente, hacia al frente. Pero terminé cayéndome.

7. El 11 de mayo de 2022 la parte demandante solicitó enmendar la demanda añadiendo "[q]ue después de observar con detenimiento el video de la ocurrencia del accidente, surge de manera clara e inequívoca que la parte codemandante, doña Blanca, traspasa y baja de los

escalones y poco m[á]s adelante, encuentra un hueco en el asfalto, donde las chancletas que llevaba se enredan y provocan la aparatosa caída".[17]

En consideración a lo anterior, el foro *a quo* determinó que de la prueba sometida con las mociones dispositivas no se desprende que exista una relación causal entre la alegada negligencia y el supuesto defecto de la escalera con la caída que sufrió la señora Gutiérrez y los daños reclamados. En consecuencia, decretó No Ha Lugar la *Demanda Enmendada.*[18]

En desacuerdo con lo resuelto, los apelantes presentaron una solicitud de reconsideración que, posteriormente, fue denegada por el tribunal sentenciador por tardía.[19]

Aún inconformes, el matrimonio Lajara-Gutiérrez acudió ante este foro intermedio mediante el recurso de epígrafe en el que señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al desestimar la demanda bajo la Regla 36 de Procedimiento Civil, existiendo controversias de hechos que ameritan que se atienda el caso de epígrafe en juicio en los méritos.
>
> Erró el Tribunal de Primera Instancia al adjudicar hechos a base de un vídeo que no fue presentado como prueba ante el Tribunal, creando un serio problema de violación al derecho de confrontación de la prueba y admisión de prueba demostrativa bajo la Regla 1002 de Evidencia.
>
> Erró el Tribunal de Primera Instancia al no permitir la segunda enmienda a la demanda.

**-II-**

**A. Sentencia Sumaria**

---

[17] Apéndice, anejo X, págs. 104-105.

[18] *Id.*, pág. 106.

[19] Apéndice, anejos XII y XIV. Pendiente el recurso de epígrafe ante nuestra consideración, el apelado instó *Moción solicitando desestimación por falta de jurisdicción*, en la que argumentó que la solicitud de reconsideración fue instada tardíamente ante el foro *a quo*. Sin embargo, el 9 de julio de 2025, emitimos *Resolución* mediante la cual declaramos No Ha Lugar dicha solicitud de desestimación. Específicamente, concluimos que la solicitud de reconsideración presentada por el apelante el 28 de abril de 2025 ante el foro de instancia, interrumpió el término para acudir ante este foro apelativo. Ello, a pesar de que fue presentada telemáticamente en un caso de numeración distinta entre las mismas partes, debido a un error oficinesco. En desacuerdo con ello, el apelado acudió al Tribunal Supremo para revisar dicha determinación. El 18 de septiembre de 2025, el Tribunal Supremo decretó No Ha Lugar el recurso presentado.

Las Regla 36 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36, instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio y luego del descubrimiento de prueba, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. 32 LPRA Ap. V, R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe mostrar que existe controversia de algún hecho material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Id.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón,* 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

En cuanto a los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Id.*

Conviene destacar que el Tribunal Supremo ha dispuesto que, el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente, de la manera más favorable a favor de la parte promovida, y aplicar las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificada en la Regla 36.4 de Procedimiento Civil, *supra;* (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos; y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar de *novo* si el foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo en su revisión está limitado a lo siguiente:

> *[P]rimero,* sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas

o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Id.,* pág. 114-115.

**B. Daños Civiles Extracontractuales**

La reclamación por daños civiles extracontractuales tiene su origen en el Artículo 1802 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5141.[20] En lo pertinente, el referido estatuto dispone que "[e]l que por acción y omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado [...]". *Id.* De este modo, la parte que promueve una causa de acción bajo los preceptos de este artículo debe establecer: "(1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión cual tiene que ser culposo o negligente". *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976 (2021); *López v. Porrata Doria,* 169 DPR 135, 150 (2006).

En cuanto a la culpa o negligencia que debe probarse, se considera que esta comprende la falta del debido cuidado, lo cual se compone de "no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Pérez et al. v. Lares Medical et al.,* supra, pág. 977; *López v. Porrata Doria,* supra, pág. 151, citando a *Toro Aponte v. E.L.A.,* 142 DPR 464, 473 (1997). De este modo, nuestro ordenamiento jurídico considera que el criterio central que se debe evaluar al adjudicar responsabilidad por culpa o negligencia es el deber de previsión. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 484 (2022). "Para determinar si el

---

[20] Advertimos que el Artículo 1802 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5141, fue derogado por el Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801. No obstante, por ser el estatuto vigente al momento de los hechos en controversia, haremos referencia a lo dispuesto en el Código Civil del 1930.

resultado era razonablemente previsible es preciso acudir a la figura [de la persona] prudente y razonable, que es aquella persona que actúa con el grado de cuidado, diligencia, vigilancia y precaución exigidos por las circunstancias". *Pons v. Engebretson*, 160 DPR 347, 355 (2003); *Monllor v. Soc. de Gananciales*, 138 DPR 600, 604 (1995). No obstante, el deber de previsión no se extiende a todo riesgo posible, sino que debe evaluarse si era posible anticipar las consecuencias de una acción o inacción determinada. *Montalvo v. Cruz*, 144 DPR 748, 756 (1998).

Expuesto el derecho aplicable, este Tribunal se encuentra en posición para resolver la controversia señalada en el recurso de epígrafe.

**-III-**

Los apelantes señalan que el foro de instancia incidió al resolver el pleito incoado de forma sumaria, ya que existen controversias de hechos que ameritaban ser dilucidadas mediante una vista en sus méritos. Para el matrimonio Lajara-Gutiérrez el video que examinó el tribunal *a quo* no fue presentado como evidencia y no obra en los autos del tribunal. Aduce, que lo sometido por el apelado es una edición del video, consistente en fotografías parciales que inducen a error y que no demuestran los hechos tal y como ocurrieron. A su entender, esta prueba es inadmisible "tal y como fue presentada de conformidad a la regla de la mejor evidencia". No obstante, los apelantes aseguran que lograron controvertir los hechos esbozados, mediante una secuencia de fotos que demuestran "que (la apelante) falseó en el segundo escalón, perdió el equilibrio, dio traspiés y cayó en el pavimento del estacionamiento a 6 o 7 pies del escalón".

Por su parte, Centro-4 Building alega que los argumentos del matrimonio Lajara-Gutiérrez son incorrectos. Según expone, del expediente surge que el aludido video se presentó en la secretaria

del tribunal sentenciador el 23 de enero de 2023, debido a que el sistema no permite subir videos. También, sostiene que durante la toma de deposición a los apelantes se les entregó copia del video. Así pues, contrario a lo alegado por los apelantes, Centro -4 Building sí incluyó el video que, como señalan los propios apelantes, constituye la mejor evidencia para aclarar de qué manera sucedió el accidente. Asimismo, asegura que el video sometido es admisible, pues es un duplicado del video original, permitido por las Reglas de Evidencia. En todo caso, sostiene que los apelantes no han presentado evidencia alguna que controvierta su autenticidad.

Por último, afirma que no existe una violación al derecho de confrontación, pues el video se entregó a la representación legal del matrimonio Lajara-Gutiérrez un año antes de que se presentara la petición de despacho sumario, sin que se presentara alegación alguna sobre su autenticidad. Veamos.

Después de examinar de *novo* la totalidad del expediente, determinamos que la *Moción Solicitando Sentencia Sumaria* que presentó Centro-4 Building cumplió en esencia con los requisitos de forma que dispone la Regla 36.3 (a) de Procedimiento Civil, *supra.* Observamos que este incluyó una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia y una relación concisa y organizada, en párrafos enumerados, de los hechos esenciales y pertinentes sobre los cuales entiende que no existe una controversia sustancial, con indicación de los párrafos o páginas de los documentos admisibles en evidencia que lo sustentan. Por último, argumentó en derecho porque procede el remedio sumario solicitado.

En cambio, en la *Moción en Oposición a Sentencia Sumaria* pudimos observar que los apelantes incumplieron con la mayoría de los requisitos de forma que exige la Regla 36.3 (b) de Procedimiento Civil, *supra.* Estos no incluyeron una exposición breve de las

alegaciones de las partes, los asuntos litigiosos en controversia, ni la causa de acción o reclamación respecto a la cual se solicita la sentencia sumaria. Más bien se limitaron a exponer una introducción, en la que solo aclaran algunos de los hechos que expuso el apelado en su solicitud de sentencia sumaria. A su vez, en el renglón que tituló como alegaciones de la parte demandada, los apelantes hicieron una relación concisa, con referencia a los párrafos enumerados por la parte promovente (apelado) en donde admitieron algunos hechos y negaron otros. Sin embargo, en la mayoría de ellos no hacen referencia a prueba admisible que los sustente. En fin, no cumplieron con el orden y los requisitos de forma que exige la norma procesal.

Así las cosas, concluimos que los apelantes no lograron controvertir los hechos que propuso la parte apelada. Solo se limitaron a hacer alegaciones carentes de fundamento y no lograron refutar los hechos materiales que desglosó Centro-4 Building. Cabe señalar que los apelantes meramente aludieron a las alegaciones que esgrimieron en la segunda solicitud de enmienda a la *Demanda* que fue rechazada por el tribunal primario.

En consideración a lo anterior, y conforme dispone la Regla 36, *supra,* los hechos incontrovertidos por el apelado se dan por admitidos. Examinemos ahora si el foro de instancia aplicó correctamente el derecho a la controversia presentada.

Como mencionamos en la parte precedente, para que exista una acción por responsabilidad extracontractual, la parte perjudicada debe establecer la existencia de un daño real, el acto u omisión negligente y la conexión entre dicha acción u omisión y el daño recibido. *Pérez et al. v. Lares Medical et al.,* supra. Así, al considerar las alegaciones y toda la prueba documental sometida, somos del criterio que el tribunal apelado no incidió al desestimar la acción de epígrafe.

De los hechos que no están en controversia, así como de los anejos sometidos, no se puede concluir que exista una conexión entre la caída de la señora Gutiérrez y los alegados defectos de las escaleras. Si bien es cierto, que al bajar el primer escalón se puede apreciar que la señora Gutiérrez hace un pequeño movimiento hacia la izquierda, esta no perdió el balance pues continuó la marcha sin ningún problema. Solo al llegar a la mitad de la calle vemos cuando la señora Gutiérrez cae. La propia apelante declaró que tropezó en el segundo escalón y que perdió el balance, aunque cayó después de ejecutar varios pasos hacia delante. Además, aseguró que la caída no se debió a alguna piedra en el camino.[21]

Por consiguiente, concluimos que no incidió el tribunal primario al determinar que "no hay relación causal entre la posible negligencia y defecto de la escalera con la caída y los subsiguientes daños".

## -IV-

Por los fundamentos que anteceden, confirmamos la Sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] Apéndice, anejo X, págs. 99-100.